**Marcia FAZEKAS, et al., Plaintiffs,**

v.

**The CLEVELAND CLINIC HEALTH CARE VENTURES, INC., Defendant.**

**No. 97 CV 1394.**

United States District Court, N.D. Ohio, Eastern Division.

Dec. 4, 1998.

David E. Roloff, Morris L. Hawk, Cleveland, OH, for Plaintiffs.

Michael James Ranallo, Richard A. Millisor, Cleveland, OH, for Defendant.

### Memorandum of Opinion and Order

GAUGHAN, District Judge.

This case arises from a claim by plaintiffs Marcia Fazekas, Carole Leland, Carole Pernell, Susan Shelko and Rebecca Winfield that they are entitled to overtime compensation from defendant pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207. The specific issue presented is whether the compensation structure under which plaintiffs provided nursing services for defendant constitutes a "fee basis" form of compensation under regulations promulgated by the Department of Labor. Pursuant to agreement of the parties, the issue of liability is to be decided on submitted briefs. Pending before the Court are the parties' cross motions for summary judgment, plaintiffs' motion for summary judgment (doc. 36) and defendant's motion for summary judgment (doc. 28). For the reasons stated below, defendant's motion for summary judgment is granted and plaintiffs' motion for summary judgment is denied.

### Standard of Review

Fed.R.Civ.P. 56 governs summary judgment and provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The party "seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "If the moving party satisfies its burden, then the burden of going forward shifts to the nonmoving party to produce evidence that results in a conflict of material fact to be resolved by a jury. In arriving at a resolution, the court must afford all reasonable inferences, and construe the evidence in the light most favorable to the nonmoving party." Cox v. Kentucky Dept. of Transp., 53 F.3d 146, 150 (6th Cir.1995) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). "[I]f the evidence is insufficient to reasonably support a jury verdict in favor of the nonmoving party, the motion for summary judgment will be granted." Cox, 53 F.3d at 150.

### Facts

The facts in the case are not in dispute. Plaintiffs are registered nurses and former employees of defendant Cleveland Clinic Foundation Health Care Ventures, Inc. ("CCFHCV") CCFHCV is a certified Medicare agency that provides skilled nursing services to patients in their residences throughout greater Cleveland. While employees of CCFHCV, plaintiffs provided home nursing services to CCFHCV patients. Plaintiffs were responsible for assessing, planning, implementing and case-managing home care nursing. Plaintiffs treated home care patients suffering from various serious and/or chronic health conditions, educated and trained these patients in the treatment and monitoring of their conditions and coordinated the treatment of these patients by various other health care providers, including Home Health Aides, Licensed Practical Nurses, Physical Therapists, Occupational Therapists, Speech Therapists and Social

Workers. Plaintiffs were responsible in their initial visit with a patient to examine the patient and, based upon the attending physician's orders and the nurse's own observations, develop a plan of care. The plan of care generally outlined the treatment the patient would receive, goals concerning the education of the patient and instructions to other health care providers. Plaintiffs were then responsible for making regular visits with their assigned patients implementing the plan of care.

The terms of plaintiffs' employment were set forth in employment agreements. Under the agreements, the nurses agreed to "render nursing services to [CCFHCV] patients, at the location (i.e., typically the home) of the patient, upon request by [CCFHCV]" according to the terms of a "25/15 plan." The 25/15 plan provided that with the exception of vacation, the nurses were to be available to make 25 patient home visits per week and were assigned 15 hours per week of beeper call. CCFHCV's Nursing Supervisor or designee initially reviewed patient requirements and then assigned patients among the nursing employees.

Once assigned to a patient, the nurse in question was responsible for scheduling visits with the patient and communicating that scheduling with the CCFHCV nursing supervisor on a weekly basis. The parties agreed that CCFHCV would compensate the nurses for their work at a set "per visit" rate. The employment agreements provided that nurses working under the 25/15 plan will be reimbursed $32.00 per visit during the weeks they are scheduled for beeper call and $30.00 per visit when not scheduled. The per visit rate established by CCFHCV was different depending on four designated types of home visits.[1] However, the per visit rate established by CCFHCV constituted plaintiffs' total compensation for each patient visit, and included payment for all duties and responsi-

bilities associated with the visit such as travel time, filling out documentation and scheduling treatment by other providers.

Plaintiffs assert that for various reasons, it was not possible to limit their patient visits to 25 per week.[2] Consequently, plaintiffs assert that they continually averaged over 25 visits per week and regularly worked between 55 and 65 hours per week, sometimes as much as 80 hours per week. They seek to recover from CCFHCV in this lawsuit overtime compensation under the FLSA for hours they worked in excess of 40 hours per week.

## Discussion

The FLSA generally requires employers to pay their employees at least one and a half times their regular wage rate when the employee works in excess of 40 hours in a given work week. See 29 U.S.C. § 207(a)(1). The FLSA, however, exempts from this requirement "any employee employed in a bona fide executive, administrative, or professional capacity ... (as such terms are defined and delimited from time to time by regulations of the Secretary.)" Id. § 213(a)(1).

CCFHCV contends that plaintiffs are not entitled to overtime compensation under the FLSA because plaintiffs fall within the Act's exemption of professional employees. Plaintiffs contend that they do not fall within that exemption.

The Secretary of Labor has promulgated regulations regarding an "employee employed in a bona fide professional capacity." 29 C.F.R. §§ 300–541.313. The regulations state that the term "professional" generally "includes those professions which have a recognized status and which are based on the acquirement of professional knowledge through prolonged study." 29 C.F.R. § 541.300. The regulations state that "[g]enerally speaking the professions which meet

1. Plaintiffs were to receive a $30 fee for each home visit, a $32 fee for each home visit made while they were on call, a $35 fee for each home visit requiring an infusion treatment and a $50 fee for each home visit to a new patient. These rates apparently increased during the course of plaintiffs' employment.

2. They state that "the amount of visits necessary for each patient depended on his or her health

conditions," "[m]any patients required visits five (5) or six (6) times a week," "CCFHCV would also occasionally assign them new patients to Plaintiffs [while they] were on call," "patients could require more visits than initially estimated by CCFHCV," "could suffer from exacerbation of their conditions" and "could be re-hospitalized, move out of the area, or die at any time." (Pltf.Br. at 4.)

the requirement for a prolonged course of specialized intellectual instruction and study include ... nursing...." 29 C.F.R. § 541.301(e)(1). The regulations also state, however, that "compensation on a salary or fee basis at a rate of not less than $170 per week, exclusive of board, lodging, or other facilities, is required for exemption as a 'professional employee.'" 29 C.F.R. § 541.311. Plaintiffs contend that they do not fall within the professional employee exemption because the compensation scheme under which they were paid by CCFHCV is not compensation on a "fee basis."

Plaintiffs acknowledge that 29 C.F.R. § 541.313 generally provides that "an employee is paid on a fee basis when that employee receives a fixed sum for a single job regardless of the time required for its completion." (Pltf.Br. at 7.) Section 541.313(b), the regulation elucidating "fee basis" compensation, states in full:

Little or no difficulty arises in determining whether a particular employment arrangement involves payment on a fee basis. Such arrangements are characterized by the payment of an agreed sum for a single job regardless of the time required for its completion. These payments in a sense resemble piecework payments with the important distinction that generally speaking a fee payment is made for the kind of job which is unique rather than for a series of jobs which are repeated an indefinite number of times and for which payment on an identical basis is made over and over again. Payments based on the number of hours or days worked and not on the accomplishment of a given single task are not considered payments on a fee basis. The type of payment contemplated ... is thus readily recognized.

Plaintiffs take the position that they are not paid on a fee basis because the kind of job they performed was not "unique." They rely on two documents from the Labor Department's Wage and Hour Division. The first document is Wage and Hour Opinion Letter No. 1567, released by the Department of Labor on April 15, 1982. (Pltf.Ex.30.) In that letter, the Wage and Hour Administrator responded to an inquiry of whether payment to a registered nurse of a flat fee for each stress test evaluation she performed constituted fee basis compensation. The Administrator stated:

As indicated in section 541.313, fee payments in a sense resemble piecework payments with the important distinction that generally speaking a fee payment is made for the kind of job which is *unique* rather than for a *series of jobs* which are *repeated an indefinite number of times* and for which payment on an identical basis is made *over and over* again. While the information in your letter does not give sufficient detail concerning the stress test evaluations and other work duties, if any, performed by the employee in question, it appears that the RN is performing a series of jobs repeated an indefinite number of times for which identical payments would be made over and over again. Thus, such employee would not be compensated on a salary or fee basis within the meaning of sections 541.313 and 541.3(e) of the regulations.

(Pltf.Ex.30.)

The second document is an internal memorandum dated January 10, 1994 prepared by the Wage and Hour Division's legal counsel. (Pltf.Ex.29.) The memorandum was obtained by the plaintiffs through a request under the Freedom of Information Act. The memorandum addresses an inquiry of the Department of Labor's Wage and Hour Division made by the National Association for Homecare, a trade organization representing a number of health care agencies and hospices. The Association asked the Wage and Hour Division whether lump sum payments made to registered nurses for home patient visits constituted a fee basis form of compensation. The Association argued that their pay arrangement was a fee basis form of compensation. The Association distinguished its situation from that of the nurse in Wage and Hour Opinion Letter No. 1567, stating that "[i]n [that] case, the nurse performed the same test repeatedly and the only change was in the test results that she did not control," whereas the Association's home care nurse "must use her professional judgment to treat a wide variety of illnesses and patients." The Association also argued that each visit made by the home care nurse was

unique because each "nurse is responsible for the initial evaluation and regular reevaluation of the patient's nursing needs, is expected to initiate and revise the patient's plan of care, and must provide services requiring professional procedures, assess continuing care needs, prepare clinical professional notes and coordinate services in conjunction with the patient's physician, other personnel and the patient's family." (*Id.*)

The Wage and Hour Counsel expressed the opinion in its internal memorandum that the payments described were not payments on a fee basis, concluding that the nurses' work was not "unique" but constituted "a series of jobs which are repeated an indefinite number of times." (Pltf.Ex.29.) Plaintiffs argue that "[g]iven the plain meaning of 29 C.F.R. § 541.313, Letter No. 1567 and the Internal Memorandum, the payment of Plaintiffs on a 'per visit' basis does not constitute payment on a 'fee basis.' " (Pltf.Br. at 11.)

CCFHCV asserts that the nurses in this case are compensated on a "fee basis" as described in 29 C.F.R. § 541.313(b). It asserts that the nurses' jobs were "unique" because they required the nurses to bring their professional expertise and discretion to bear. In support of this position, CCFHCV essentially reiterates the arguments made to the Wage and Hour Division by the National Association for Homecare. CCFHCV relies on deposition testimony given by the plaintiffs in which the plaintiffs acknowledge that their jobs required them to consider and assess a number of factors peculiar to each patient's condition when developing the initial plan of care for each patient and in reassessing and evaluating each patient's unique condition during subsequent visits. (Def.Mem. in Supp. of Def.Mot. at 3–7.) CCFHCV points out that the National Association for Homecare never received an opinion letter from the Administrator of the Wage and Hour Division adopting the opinion expressed by counsel in the January 10, 1994 internal memorandum. Therefore,

CCFHCV asserts, counsel's opinion was never adopted by the Department of Labor. CCFHCV cites a letter issued by the Regional (Dallas, Texas) Administrator of the Department of Labor's Wage and Hour Division on April 17, 1992. (Def.Supp.Br., Ex. B.) [3] In this letter, the Wage and Hour Administrator expressed the view that compensating nurses a predetermined flat fee for home patient visits constitutes a "fee basis" form of compensation under the Department's regulations. The Regional Administrator was responding to a letter from an employer operating a home health care service which stated:

> The principal issue as to which we seek advice is whether the method of compensation set out below constitutes payment on a "fee" basis, 29 C.F.R. § 541.313.

> The employees in issue are Registered Nurses (referred to as "Staff Nurses, Home Health Services), Medical Social Workers, Occupational Therapists, Physical Therapists, and Speech Pathologists." Their duties and qualifications are set out in the enclosed job descriptions. We would note that all require at least a four-year college degree, and in some cases a Master's degree and additional certification. For purposes of your advice, we request that you assume that all duties are as set out, and all qualification requirements are met.

> All services provided by the subject employees are provided to the employer's clients ("patients") in the clients' homes (or the equivalent, such as a nursing home). Related drafting of reports and similar contact with other health care providers may occur elsewhere.

> The employer would like to pay the subject employees a predetermined amount, or "fee", per visit to a patient's home, without regard to the length of time the visit (including related tasks, such as reports) actually takes. The "fee" amount would vary according to the professional discipline in-

---

3. CCFHCV cites the letter in a "Supplemental Brief Alerting Court to Opinion of Acting Administrator of Wage & Hour Division of U.S. Department of Labor" (doc. 54) filed on September 20, 1998. In an affidavit accompanying the supplemental brief, CCFHCV's counsel avers that he did not become aware of the letter until the end of August, 1998, after the pending motions for summary judgment were fully briefed. (Millisor Aff, ¶ 3, Def.Supp.Br., Ex. 1.) Plaintiffs have not objected to the supplemental brief or CCFHCV's citation to the April 17, 1992 letter.

volved, level of the professional's experience, whether repeated visits are to be made, whether visits outside of usual work hours or on weekends will be made, and to an extent the tasks to be performed at the patient's home (such as intravenous feeding or medication, which generally involve longer visits). For example, a Speech Pathologist may perform an initial evaluation of a patient in the patient's home, and draft a report to the attending physician; the Speech Pathologist may be paid $60 for these tasks, without regard to the length of time the tasks actually take.

Based on hours actually worked, including travel time between job locations, the subject employees would clearly be paid in excess of $250.00 per week for a forty-hour week. . . .

We request your advice as to whether such compensation would constitute compensation on a "fee" basis within the meaning of part 541.313.

We believe that the situation presented above is to be distinguished from that in Opinion Letter No. 1567 (WH–514) (April 15, 1982). There, the employees administered rote stress evaluation tests, for which a set fee was proposed to be paid. Although Registered Nurses, the employees apparently performed "a series of jobs repeated an indefinite number of times for which identical payments would be made over and over again." The employees were held not to be paid on a fee basis under part 541.313.

In the situation presented here, no employee will perform what is essentially a single repetitive task—administration of a stress test—over and over. Each patient's needs and situation are different, and would be individually assessed and treated by the employee as the employee deems necessary during each visit. The employees must use independent, professional and largely unsupervised judgment on a case-by-case basis. Unlike the single, fixed fee paid the employees addressed in Opinion Letter No. 1567, the fees to be paid by our client to its employees may vary with each

patient's situation and particular needs and form employee to employee.

(Def.Supp.Br., Ex. A).

The Regional Administrator agreed with the position of the employer that the proposed flat fee compensation plan constituted payment on a "fee basis." On June 6, 1992, the Acting Administrator of the United States Department of Labor, Wage and Hour Division, adopted the conclusion of the Regional Administrator in a letter to the employer's counsel. (Def.Supp.Br. at Ex. D) ("We concur . . . that the proposed pay plan would qualify as compensation on a 'fee' basis within the meaning of Part 541.313.")

This Court finds that the plaintiffs were paid on a "fee basis" within the meaning of 29 C.F.R. § 541.313(b). No case has been brought to the Court's attention which has addressed the issue of whether lump sum payments to registered nurses for patient home visits constitutes payment on a "fee basis" as characterized in the regulation. The regulation provides that payments are made on a fee basis when an agreed sum is paid for a single job regardless of the time required for its completion. There is no dispute that CCFHCV paid the plaintiffs in this case an agreed-upon sum for each patient visit they made regardless of the time required of the nurse for each visit. The regulation also indicates that payments on a fee basis are made when payment is made for a job that is "unique" rather than "for a series of jobs which are repeated an indefinite number of times and for which payment on an identical basis is made over and over again." This Court finds that the jobs plaintiffs performed were "unique." The nurses testified that their jobs required them to assess each individual patient's circumstances and develop and implement a plan of care unique to each patient. They testified that in performing this job, they were required to assess a variety of factors, including the particular medical condition of each patient, the attending physician's instructions, the patient's home and family situation and the patient's emotional or mental status. Plaintiffs' characterizations of their jobs are distinguishable from the situation considered in Opinion Letter No. 1567, where the nurse at

issue was not required to make any professional assessments of patients' situations, but was merely paid a set fee for administering stress tests over and over again. The evidence in this case indicates that the plaintiffs were responsible for applying their professional skills and judgment to each unique patient situation. They were not, as the nurse in Opinion Letter No. 1567, merely performing a "set" job over and over again.[4]

While the January 10, 1994 internal memorandum prepared by the Wage and Hour Division's legal counsel obtained by plaintiffs agrees with plaintiffs' position that flat fee payments made to registered nurses are not payments made on a "fee basis," as defendant points out, the opinion expressed by counsel was never adopted or expressed in an opinion letter by the Department of Labor. On the other hand, the Department issued a letter (its June 6, 1992 letter) expressing the view that flat fee payments to registered nurses for home visits constitute payments on a "fee basis." When the Department of Labor creates a test determining whether the FLSA applies, the Department's own interpretation of the test is, "under our jurisprudence, controlling unless 'plainly erroneous or inconsistent with the regulation.' " *Auer v. Robbins,* 519 U.S. 452, 117 S.Ct. 905, 911, 137 L.Ed.2d 79 (1997). The Department's formally expressed opinion that lump sum payments to registered nurses similar to the payments made to plaintiffs in this case constitute "fee basis" compensation is not inconsistent with the language of the regulation, and it is not plainly erroneous.

### Conclusion

For the reasons stated above, the Court finds that plaintiffs were compensated on a fee basis within the meaning of 29 C.F.R. § 541.313(b). Therefore, plaintiffs fall within the FLSA's exemption of professional employees and are not entitled to overtime compensation under the FLSA. Accordingly, defendant's motion for summary judgment on plaintiffs' claims under the FLSA (doc. 28) is granted and plaintiffs' motion for summary judgment (doc. 36) is denied.

IT IS SO ORDERED.

4. Plaintiffs contend that their responsibility for determining each patient's plan of care and to assess the changing nature of the patient's situation and, if necessary, change the plan of care does not characterize a "unique" job because they did not have complete autonomy to determine the plan of care. They assert that CCFHCV required them to follow visit guidelines established by CCFHCV's Quality Enhancement System ("QUEHS") for 28 serious health conditions. (Pltf.Rep. at 2.) In other words, if a QUEHS existed for a patient's particular condition, the nurse was to use the visit schedule established by the QUEHS. Even assuming the QUEHS may have limited plaintiffs' autonomy to determine at the outset visit schedules for some patients, this does not change plaintiffs' uncontradicted testimony that their jobs required them to utilize their professional skills and judgment in evaluating patients' conditions, to devise and implement patient plans of care and to modify plans of care as changing circumstances warrant.