Wendy ELWELL, Plaintiff,

v.

UNIVERSITY HOSPITAL HOME
HEALTH CARE SERVICES,
Defendant.

No. 1:98CV2472.

United States District Court,
N.D. Ohio.

Nov. 2, 1999.

*MEMORANDUM OF OPINION
AND ORDER*

MATIA, Chief Judge.

This matter is before the Court upon cross motions for summary judgment filed by the defendant, University Hospital Home Health Care Services (UHHHCS) (Doc. 16), and plaintiff, Wendy Elwell (Doc. 18). The Court has reviewed the defendant's opposition to the plaintiff's motion for summary judgment (Doc. 19) and the plaintiff's reply memorandum (Doc. 20) as well as the Fed.R.Civ.P. Rule 56(e) materials submitted by the parties in support of their respective positions. For the reasons that follow, the defendant's motion for summary judgment is denied. The plaintiff's motion for summary judgment is granted.

This action arose under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* and includes a cause of action pursuant to Ohio's Minimum Fair Wage Standard Act, Ohio Revised Code, Chapter 4111. The following facts were stipulated by the parties. The plaintiff, Wendy Elwell, is a registered nurse and was employed by the defendant, UHHHCS, a certified home health care agency providing skilled nursing and other health care services to patients in their homes. During the regular course of her employment, the plaintiff was required to travel to patients' homes to administer nursing care. Her position as a registered nurse did not require her to provide the same services for each patient. The plaintiff was required to attend regular staff meetings, in service meetings and training as part of her regular job duties. She was compensated on a per visit basis for patient care visits and at

an hourly rate of pay for attendance at required or mandatory meetings. She also received an hourly rate of pay while on call duty. There is no dispute that the plaintiff did not receive compensation at the rate of one and one half times the regular rate of pay for hours worked in excess of forty hours per week.

The facts were more fully developed through depositions, affidavits and exhibits. The pay per visit arrangement compensated the plaintiff an agreed lump sum payment for each patient visited as well as related activities, including travel time, documentation time and discussions with medical and health personnel, the patient and the patient's family. The amount of compensation varied according to the type of visit, i.e., med/surg, infusion visits and admissions. Employees of UHHHCS were required to make 25 home visits per week. The number of visits would average a forty hour week, including the additional duties accompanying the home visits and the meetings. Employees, including the plaintiff, were paid $17.00 per hour for meetings, orientation, in services and project and office time. The pay was increased to $17.65 per hour in July 1997. Home visits that required an IV that extended over two hours required payment of the hourly rate for the extra time. On call duty was paid at a rate of $3.00 per hour. The plaintiff alleges that she worked sixty hours per week without payment for work over forty hours.

Summary judgment is appropriate only when there is no genuine issue of material fact as to the existence of an element essential to the nonmoving party's case and on which the nonmoving party would have the burden of proof at the trial. Fed. R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265, (1986). The genuine issue must be material, *i.e.*, it must involve facts that might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Martin v. Ohio Turnpike Commission*, 968 F.2d 606, 608 (6th Cir.1992). The mere possibility of

a factual dispute is not enough. *Mitchell v. Toledo Hospital*, 964 F.2d 577, 581 (6th Cir.1992). The court must determine whether there is a need for a trial; in other words, whether there are genuine factual issues that properly can be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 250, 106 S.Ct. 2505. The evidence must be viewed in the light most favorable to the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Summary judgment should not be granted to the moving party if reasonable jurors could find by a preponderance of the evidence that the opposing party is entitled to a verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 250, 106 S.Ct. 2505; *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir.1989).

The FLSA requires an employer to compensate an employee for a workweek longer than forty hours at a rate not less than one and one half times the regular rate at which she is employed. 29 U.S.C. § 207(a)(1). But a provision in the FLSA exempts from this requirement any "employee employed in a bona fide executive, administrative, or professional capacity ... (as such terms are defined and delimited from time to time by regulations of the Secretary.)" 29 U.S.C. § 213(a)(1).

The defendant argues that the plaintiff was paid on a fee basis and is a professional, exempt from the overtime payment requirements of the FLSA. The plaintiff does not dispute her classification as a professional but contends that the application of the exemption in this case fails because she was not paid in accordance with the regulations for the professional exemption, either by fee or salary basis.

The Secretary of Labor has promulgated regulations concerning an employee employed in a bona fide professional capacity. 29 C.F.R. §§ 541.300–541.313. The defendant argues that the plaintiff was paid on a fee basis because she received payment of an agreed sum for a single job regardless of how long it took. 29 C.F.R.

§ 541.311(a) provides that "compensation on a salary or fee basis at a rate of not less than $170 per week, exclusive of board, lodging, or other facilities is required for exemption as a professional employee." Plaintiff meets that requirement. 29 C.F.R. § 541.313(b) states:

Little or no difficulty arises in determining whether a particular employment arrangement involves payment on a fee basis. Such arrangements are characterized by the payment of an agreed sum for a single job regardless of the time required for its completion. These payments in a sense resemble piecework payments with the important distinction that generally speaking a fee payment is made for the kind of job which is unique rather than for a series of jobs which are repeated an indefinite number of times and for which payment on an identical basis is made over and over again. Payments based on the number of hours or days worked and not on the accomplishment of a given single task are not considered payments on a fee basis. The type of payment contemplated in the regulations in subpart A of this part is thus readily recognized.

The plaintiff received $17.65 per hour for meetings and in service training, each lasting approximately two hours per month, and $3.00 per hour for on call duty once every week to ten days. 29 C.F.R. § 541.118 sets forth the salary basis provisions. Subsection (b) of that regulation allows for additional compensation besides the salary as long as it is not inconsistent with the salary basis of payment. Three examples are given, none of them applicable to the present case. Comparison with 29 C.F.R. § 541.313, the fee basis regulation, shows that the fee basis regulation does not acknowledge payment of extra pay for extra work. The intent of the fee basis regulation is that an employee be paid a lump sum for each unique task regardless of the length of time it takes.

"Payments based on the number of hours worked and not on the accomplishment of a given task are not considered payments on a fee basis." 29 C.F.R.

§ 541.313(b). Exhibit 3 attached to the plaintiff's memorandum shows that payment for home visits was based on the hourly rate of $17.65, multiplied by thirty nine hours of work and then dividing the gross hourly wage by 25, the average productivity number per week. The remaining hour was for meetings paid on an hourly basis. The defendant did not pay Elwell an agreed sum regardless of time spent on a particular task but used time estimates for a flat payment amount with an enhancement by an hourly rate if a visit took over two hours. It appears that payment was actually based on the number of hours worked and not on the accomplishment of a single given task as required by 29 C.F.R. § 541.313.

The defendant argues that the additional hourly payment does not jeopardize her professional exempt status. Several cases were cited wherein the professional exemption was allowed where the employee was on a salary basis. *Michigan Association of Governmental Employees v. Michigan Department of Corrections,* 992 F.2d 82 (6th Cir.1993); *Richardson v. Genesee County Community Mental Health Services,* 45 F.Supp.2d 610 (E.D.Mich.1999). However, as explained, the salary basis regulation allows for additional compensation, the fee basis regulation does not. So these cases are not persuasive. The parties in the present case appear to agree that the fee basis regulation is the proper regulation in question.

29 C.F.R. § 514.118(b) provides that additional compensation besides salary is not inconsistent with the salary basis of payment. It explains that the requirement can be met, for example, by a branch manager who receives a salary of $155 or more a week and in addition, a compensation of 1 percent of the branch sales or by a branch manager who receives a percentage of the sales or profits of the branch if the employment arrangement also includes a guarantee of at least the minimum weekly salary required by the regulation. Another type of arrangement which allows

the requirement to be met is that of an employee paid on a daily or shift basis, if the employee will not receive less than the amount specified in the regulation in any week in which the employee works. These arrangements are distinguishable from the situation in the present case. The extra compensation through commissions, bonuses and shift payments link compensation to effort and work output but Elwell was getting extra pay for extra work. Her additional compensation was not based on work already performed as are the examples in 29 C.F.R. § 514.118(b). The salary basis regulation allowing additional compensation could not apply to her so that the professional exemption would not be available to the defendant even if she were paid on a salary basis.

The defendant cited *Fazekas v. Cleveland Clinic Health Care Ventures, Inc.,* 29 F.Supp.2d 839 (N.D.Ohio 1998). In *Fazekas,* home health care nurses were paid in the same manner as Elwell. They were paid an agreed upon sum for each home visit regardless of the time required with responsibilities for assessing each individual patient's circumstance and for developing and implementing a plan of care unique to each patient. The court found that the nurses were compensated on a fee basis within the meaning of the applicable regulations and therefore fell within the FLSA's exemption for professionals and were not entitled to overtime compensation.

The court in *Fazekas* relied on a Department of Labor Opinion Letter dated June 6, 1992 expressing the view that flat fee payments to registered nurse for home visits constituted payment on a fee basis within the meaning of 29 C.F.R. § 541.313(b). The court found that the services performed by the nurses were unique so that 29 C.F.R. § 541.313(b) was applicable. There was no indication in *Fazekas* that nurses' payments were based on an hourly rate or that extra payments for extended home visits over two hours,

staff meetings and on call duty were paid on an hourly basis. The present case is distinguishable from the *Fazekas* case because of its hourly payments and, as discussed below, this Court's finding that Elwell's services were not unique.

■ Opinion letters of an administrative agency are not always accorded court deference. *Kilgore v. Outback Steakhouse of Florida, Inc.,* 160 F.3d 294, 302 (6th Cir.1998), *citing Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). An opinion of the Administrator of the Wage and Hour Division of the Department of Labor has persuasive value if the position of the Administrator is thoroughly considered and well reasoned. *Id.* at 303. The United States Supreme Court in *Skidmore v. Swift & Co.,* 323 U.S. 134, 65 S.Ct. 161, 89 L.Ed. 124 (1944) stated:

> We consider the rulings, interpretations and opinions of the Administrator under the [FLSA], while not controlling upon the courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance. The weight of such a judgment in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier pronouncements, and all those factors which give it power to persuade, if lacking power to control.

*Id.* at 140, 65 S.Ct. 161.

In a later case, the Supreme Court held that when the Department of Labor creates a test to interpret its regulations, the Secretary's interpretation is controlling unless plainly erroneous or inconsistent with the regulation. *Auer v. Robbins,* 519 U.S. 452, 461, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997).

■ The plaintiff has attached Department of Labor Opinion Letter WHM:99:8153 dated April 27, 1998.[1] It

---

1. The opinion letter relied on in *Fazekas* was dated April 17, 1992. The court also relied on a Department of Labor letter dated June 6, 1992 to the same effect.

assumed that registered nurses performed home health services receiving a flat fee for two different types of visits recognizing that the nurses will necessarily make professional judgments and assessments. The Administrator stated:

Specifically, you ask whether two different fees, depending on the task performed, are sufficient to meet the "uniqueness" requirement of 29 C.F.R. § 541.313(b), relating to payment on a fee basis.

The regulation at 29 C.F.R. § 541.313 characterizes payment on a "fee basis" as "payment of an agreed sum for a single job regardless of the time required for its completion." This regulation further provides that a "fee payment is made for the kind of job which is unique rather than for a series of jobs which are repeated an indefinite number of times and for which payment on an identical basis is made over and over again." *Id.* A "series of jobs which are repeated an indefinite number of times" may as easily be a series consisting of five different jobs, each repeated an indefinite number of times, as a series consisting of a single job over and over. It is our opinion that payment on a "per visit" basis is not the type of fee payment arrangement contemplated by the regulations. Section 541.313(d), which you also mention, refers to payment methods made to singers, artists and illustrator/writers to demonstrate the adequacy of a fee payment, i.e., whether the amount of payment meets the regulation's requirement that the rate of pay is "not less than $170 per week to a professional employee." The use of these professional occupations to demonstrate this point suggests to us that the character or nature of the job itself must be unique, and not simply that the performance of the job vary from day to day. While we recognize that the nurse will necessarily make professional judgments and assessments based on this or her skills in providing patient care on each visit, such work is not unique in character because unlike work performed by a singer, artist, or illustrator, the work performed by the nurse is generally repetitive and not original in character.

The April 27, 1998 opinion letter deserves deference from this court. It is based on the same important facts involved in the present case. The fact that the present case involves three different fees instead of two, as in the April 27, 1998 letter, is inconsequential. Although brief, it is a thorough, well reasoned and accurate interpretation of the fee basis regulation. 29 C.F.R. § 541.313.

The April 27, 1998 opinion letter describes Elwell's job. Although Elwell made professional judgments and assessments based on her skills, the character or nature of the job was not unique. Her performance varied from day to day but she was basically doing the same nursing care depending on the needs of the patient. For example, the care for patients having the HIV syndrome would essentially be the same although the care needed for individual HIV patients may be different. The performance of the job may differ from day to day but its character is not unique when compared with the examples in 29 C.F.R. § 541.313(d).

Accordingly, the defendant's motion for summary judgment is denied. The plaintiff's motion for summary judgment is granted as to liability under the FLSA upon the ground that there is no genuine issue as to any material fact. The action remains pending on the issue of damages, liquidated damages and, at this time, on the claim under Ohio's Minimum Fair Wage Standard Act.

The Clerk of Court shall send a copy of this Memorandum of Opinion and Order to Elizabeth Zink Pearson, Esq., Lucien J. Bernard, Esq., Pearson & Bernard PSC, 7300 Turfway Road, Suite 150, Florence Kentucky 41042 and Helen Forbes Fields, Esq., Scott H. Schooler, Esq., 700 Rocke-

feller Building, 614 West Superior Avenue, Cleveland, Ohio 44113–1318.

IT IS SO ORDERED.